ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| STEVEN ZISSIS, JAMIE ZISSIS<br><br>Recurrente<br><br>v.<br><br>HON. ÁNGEL PANTOJA RODRÍGUEZ, en su carácter oficial como SECRETARIO DE HACIENDA; ESTADO LIBRE ASOCIADO DE PUERTO RICO representado por su SECRETARIA DE JUSTICIA, HON. LOURDES L. GÓMEZ TORRES<br><br>Recurrida | TA2026AP00521 | *REVISIÓN ADMINISTRATIVA* procedente del Negociado de Servicio al Contribuyente<br><br>Caso Núm.:<br>2025-EM-0059<br><br><br>Sobre:<br>Error matemático |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparecen ante *nos* Steven Zissis y Jamie Zissis (en conjunto, los recurrentes) y nos solicitan que revisemos una *Resolución* emitida y notificada el 16 de marzo de 2026, por la Juez Administrativo Interina de la Oficina de Apelaciones Administrativas del Departamento de Hacienda (recurrida). Mediante dicho dictamen, se declaró *No Ha Lugar* la *Querella* que presentó la parte recurrente[1].

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, *desestimamos* el recurso de revisión administrativa por falta de jurisdicción por académico.

---

[1] Acogemos el recurso como una revisión judicial, por ser el vehículo procesal adecuado, en virtud de la Regla 56 del Reglamento del Tribunal de Apelaciones de Puerto Rico, cita *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal por cuestiones de economía procesal.

**I.**

El 13 de enero de 2022, la parte recurrente radicó la Planilla de Contribución Sobre Ingresos de Puerto Rico correspondiente al año 2019 (Planilla de 2019). En la misma, reclamaron un crédito por contribuciones foráneas provenientes de fuentes de Estados Unidos por la cantidad de $1,639,724. Ese mismo día, la parte recurrida generó una Planilla Revisada con los ajustes del error matemático advertido en ella.

Luego de varios incidentes procesales, el 31 de julio de 2024, la parte recurrida notificó la Notificación de Error Matemático o de Transcripción relacionada con la Planilla de 2019. En esta, la parte recurrida consignó su ajuste de crédito por contribuciones foráneas reclamado por los recurrentes, el cual debió ser de $376,634 y no de $1,639,724. El 27 de septiembre de 2024, la parte recurrente presentó una Petition of Reconsideration of Notice of Mathematical or Transcription Error. Luego, el 2 de octubre de 2024, notificada el 27 de marzo de 2025, la parte recurrida emitió una Notificación de Determinación Sobre Solicitud de Reconsideración de una Notificación de Error Matemático o de Transcripción.

Acto seguido, el 24 de abril de 2025, los recurrentes presentaron una *Querella* ante la Oficina de Apelaciones Administrativas del Departamento de Hacienda. En la misma, impugnaron la validez de la Notificación de Error Matemático o de Transcripción del 31 de julio 2024 emitida por la parte recurrida con relación a la Planilla de 2019. En vista de ello, el 24 de junio de 2025, la recurrida presentó una *Contestación a la Querella*.

Estando pendiente de adjudicación la *Querella*, la parte recurrente presentó una Planilla Enmendada para el año contributivo 2019. En consecuencia, la parte recurrida emitió el 8 de enero de 2026, una nueva Notificación de Error Matemático o de Transcripción. El 6 de marzo de 2026, la parte recurrente presentó

una *Petición de Reconsideración* con relación a esta nueva notificación.[2]

Así las cosas, el 16 de marzo de 2026, la Oficina de Apelaciones Administrativas declaró *No Ha Lugar* la *Querella* en cuestión. En desacuerdo, el 6 de abril de 2026, los recurrentes presentaron una *Moción de Reconsideración*. Dicha solicitud de reconsideración no fue acogida por la agencia.

Inconforme aun, el 20 de mayo de 2026, la parte recurrente compareció ante *nos* mediante un *Recurso de Revisión Judicial* y alegó la comisión de los siguientes errores:

> Erró Apelaciones Administrativas al dictar Resolución, en vista de que Apelaciones Administrativas perdió jurisdicción para atender la Notificación de Error Matemático de Julio de 2024 que se encontraba ante su consideración una vez Hacienda emitió la Notificación de Error Matemático de enero 2026.

> Erró Apelaciones Administrativas al resolver en la Resolución que, para cambiar el monto de Crédito por Contribuciones Foráneas reclamado por los Contribuyentes en la Planilla 2019, el Secretario podía notificarle a la Contribuyentes un "error matemático o de transcripción", en lugar de notificarle una "deficiencia".

> Erró Apelaciones Administrativas al resolver en la Resolución que, para propósitos de determinar el monto del Crédito por Contribuciones Foráneas bajo la Sección 1051.01 del Código, el término "ingreso neto" incluye el Ingreso Sujeto a Tasas Preferenciales de los Contribuyentes.

Examinado el recurso ante nuestra consideración, el 26 de mayo de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) dias a la parte recurrida para presentar posición al recurso. En cumplimiento con nuestra directriz, el 15 de junio de 2026, la parte recurrida presentó un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*.

---

[2] La *Petición de Reconsideración* presentada el 6 de marzo de 2026, aun no ha sido atendida por la parte apelada.

Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC,* 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024); *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra; Torres Alvarado v. Maderas Atiles,* 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra; González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

**B. Academicidad**

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea*, 208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las

partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra,* a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I,* 180 DPR 253 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999).[3]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González,* 127 DPR 704 (1991).

### III.

En el caso ante *nos*, la parte recurrente radicó el 13 de enero de 2022 la Planilla de 2019. Así, la parte recurrida emitió una

---

[3] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.,* 199 DPR 59 (2017).

Notificación de Error Matemático o de Transcripción relacionada con la Planilla de 2019. Acaecidos varios incidentes procesales, los recurrentes presentaron una *Querella* ante la Oficina de Apelaciones Administrativas. En la misma, impugnaron la validez de la Notificación de Error Matemático o de Transcripción del 31 de julio 2024, emitida por la parte recurrida con relación a la Planilla de 2019.

Sin embargo, estando pendiente de adjudicación la *Querella*, la parte recurrente presentó una Planilla Enmendada para el año contributivo 2019. Así pues, la parte recurrida emitió el 8 de enero de 2026, una nueva Notificación de Error Matemático o de Transcripción. El 6 de marzo de 2026, la parte recurrente presentó una *Petición de Reconsideración* con relación a esta nueva notificación.

Oportunamente, el 16 de marzo de 2026, la Oficina de Apelaciones Administrativas declaró *No Ha Lugar* la *Querella* en cuestión, con relación a la Planilla de 2019, presentada originalmente. Por lo cual, el 6 de abril de 2026, los recurrentes presentaron una *Moción de Reconsideración*, la cual no fue acogida por la agencia.

Ciertamente, en el caso ante *nos* ocurrieron unos cambios fácticos desde el momento en que la parte recurrente enmendó la Planilla de 2019, que tuvieron el efecto de que la *Querella* presentada y la *Resolución* emitida perdiesen actualidad y, en consecuencia, tornó el caso en académico. Ello es así, pues la parte recurrente enmendó la Planilla 2019 que motivó el presente recurso. En atención a ello, cualquier determinación que se emita con relación a la Planilla de 2019 presentada originalmente carece de efecto práctico alguno ante la enmienda presentada posteriormente. Consecuentemente, la controversia ante *nos* no podrá tener efectos prácticos, al no ser justiciable.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el *Recurso de Revisión Judicial* por falta de jurisdicción por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones